1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ERNEST DEMETRIUS EVANS,                    No.  2:22-cv-0778 AC

12                    Plaintiff,

13         v.                                    ORDER

14    CONNIE EISEN, et al.,

15                    Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18    has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19        I.        Application to Proceed In Forma Pauperis

20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21    § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23    §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                                    1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

1   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

2       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3   relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

4   Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

5   content that allows the court to draw the reasonable inference that the defendant is liable for the

6   misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

7   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

8   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

9   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

10  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

11      III.    Complaint

12      At all times relevant to the allegations in the complaint, plaintiff was a prisoner at the

13  Sierra Conservation Center.  Plaintiff sues the California Correctional Health Care Services

14  ("CCHCS") and three individual medical staff at the Sierra Conservation Center who were

15  deliberately indifferent to his serious medical needs.

16      Specifically, plaintiff alleges that on May 18, 2020, defendant Eisen, a medical assistant,

17  performed a lavage of plaintiff's left ear even though she was not a registered nurse and had not

18  performed one before.  She forcefully jammed a syringe into plaintiff's left ear rupturing the

19  eardrum and causing him extreme pain.  Defendant Eisen ignored plaintiff's complaints of pain

20  and stuck the syringe filled with water into his left ear on two separate occasions.  When plaintiff

21  returned to his cell he started having headaches and woke up the next day with a fever and severe

22  ear pain.  On May 22, 2020, defendant Dr. Sommer examined plaintiff's left ear and observed

23  that his eardrum was red and swollen and leaking fluid.  Dr. Sommer prescribed plaintiff

24  antibiotics to treat his left ear.  Upon follow-up with an unnamed ear specialist, plaintiff was

25  given a hearing aid due to hearing loss in his left ear.  According to the complaint, the CCHCS

26  failed to ensure adequate staffing or qualified staffing to perform the necessary ear lavage

27  procedure.

28      Plaintiff seeks declaratory relief as well as monetary and punitive damages.

IV.     Legal Standards

The following legal standards are provided based on plaintiff's pro se status as well as the nature of the allegations in the complaint.

A.     Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct.").  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

B.     Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

C.     Eleventh Amendment

The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v.

4

1  Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v.

2  Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).

3       V.      Claims for Which a Response Will Be Required

4       Plaintiff has adequately alleged an Eighth Amendment deliberate indifference claim

5  against defendant Eisen.

6       VI.     Failure to State a Claim

7       The complaint does not sufficiently state any claim against defendants Sommer,

8  Whichard, and the CCHS, for multiple reasons.  First, plaintiff names Dr. Sommer as a defendant

9  based only on his supervisory capacity over defendant Eisen.  However, that is not a sufficient

10 basis for liability in this § 1983 action.  See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).

11 Secondly, plaintiff does not identify any action taken by defendant Whichard to treat his left ear.

12 Therefore, this defendant is not adequately linked to any asserted constitutional violation.  Lastly,

13 the CCHCS is immune from monetary damages since it is a stage agency and California has not

14 consented to suit.  See Palmer v. California Correctional Healthcare Services, No. 2:16-cv-1528-

15 MCE-CKD-P, 2016 WL 4524884 at *2 (E.D. Cal. Aug. 30, 2016) (finding both CDCR and

16 CCHCS are immune from suits for damages as state agencies under the Eleventh Amendment).

17 Therefore, the undersigned finds that the complaint does not adequately allege a cognizable claim

18 against these defendants.

19      VII.     Leave to Amend

20      For the reasons set forth above, the court finds that the complaint does not state

21 cognizable claims against defendants Sommer, Whichard, and the CCHCS.  However, it appears

22 that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to

23 amend the complaint if he desires.  Plaintiff may proceed forthwith to serve defendant Eisen on

24 his Eighth Amendment deliberate indifference claim or he may delay serving any defendant and

25 amend the complaint.

26      Plaintiff will be required to complete and return the attached notice advising the court how

27 he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

28 file an amended complaint.  If plaintiff elects to proceed on his claims against defendant Eisen

without amending the complaint, the court will proceed to serve the complaint.  A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of defendants Sommer, Whichard, and the CCHCS.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VIII.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not.  The complaint adequately alleges an Eighth Amendment deliberate indifference claim against defendant Eisen.  The CCHCS is immune from liability for monetary damages because it

is a state agency.  The claims against defendants Sommer and Whichard do not adequately link them to any violation of your constitutional rights.  Therefore, service is not appropriate at this juncture with respect to defendants Sommer, Whichard and the CCHCS.

You have a choice to make.  You may either (1) proceed immediately on your Eighth Amendment deliberate indifference claim against defendant Eisen and voluntarily dismiss the other defendants or (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your claims against defendants Sommer, Whichard, and the CCHCS.  If you choose to file an amended complaint, it must include all claims you want to bring.  Once an amended complaint is filed, the court will not look at any information in the original complaint.  **Any claims and information not in the first amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. The complaint does not sufficiently allege a claim upon which relief can be granted against defendants Sommer, Whichard, and the CCHCS.

4. Plaintiff has the option to proceed immediately on his Eighth Amendment deliberate indifference claim against defendant Eisen as set forth in Section V above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.  If plaintiff does not return the form, the court

7

will assume that he is choosing to proceed on the complaint as screened and will recommend

dismissal without prejudice of defendants Sommer, Whichard, and the CCHCS.

DATED: December 20, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ERNEST DEMETRIUS EVANS,              No.  2:22-cv-00778-AC

12              Plaintiff,

13         v.                              NOTICE OF ELECTION

14    CONNIE EISEN, et al.,

15              Defendants.

16

17         Check one:

18    _____ Plaintiff wants to proceed immediately on his Eighth Amendment deliberate indifference

19         claim against defendant Eisen without amending the complaint.  Plaintiff understands that

20         by going forward without amending the complaint he is voluntarily dismissing without

21         prejudice defendants Sommer, Whichard, and the CCHCS pursuant to Federal Rule of

22         Civil Procedure 41(a).

23

24    _____ Plaintiff wants to amend the complaint.

25

26    DATED:_____

27                                        _____
                                          Ernest Demetrius Evans
28                                        Plaintiff pro se

                                          1