UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST EVANS,

        Plaintiff,

      v.

CONNIE EISEN,

        Defendant.

No. 2:22-cv-00778 AC P

ORDER

This matter is before the court on plaintiff's September 29, 2025 motion to compel defendant to respond to certain interrogatories. ECF No. 28. Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's sole claim in this civil rights action is that medical care he received from defendant Connie Eisen, a medical assistant who treated him during his incarceration at the Sierra Conservation Center, caused permanent damage to his eardrum and resulted in hearing loss. ECF No. 1.

In the motion to compel, plaintiff contends that defendant objected to interrogatories nos. 1, 2, 3, 4, 10, 11, 16 and 25 based on "vagueness" and/or "ambiguity" but failed to explain the basis of these objections with adequate specificity to allow him to provide any necessary clarification. ECF No. 28 at 2-3. As a result, plaintiff moves the court for an order overruling defendant's objections and directing her to provide substantive responses to these interrogatories. Id. at 4. Plaintiff did not provide a final version of the interrogatories he propounded to

1

defendant, or of defendant's responses and objections, as an attachment to his motion.[1] Id.

Defendant opposes plaintiff's motion to compel because it was filed over two months after the close of discovery. ECF No. 29 at 1-2. Defendant also contends that the court should deny the motion because it does not properly conform to Fed. R. Civ. P. 37 by including the specific discovery requests at issue along with defendant's responses. Id. at 2-3. Defendant does not address the discovery dispute substantively, or provide the court with the missing discovery requests and responses.

Plaintiff's motion to compel is indeed untimely, as it was filed two months after the July 25, 2025 discovery deadline. ECF No. 22 at 5-6. However, on August 11, 2025, plaintiff filed an unauthorized reply to defendant's answer and attached various documents relating to discovery. ECF No. 26 at 2. One of the attachments included eight interrogatories that plaintiff may have propounded to defendant, although this is unclear. Id. at 12-14. The court struck plaintiff's unauthorized reply because it did not comply with the Discovery and Scheduling Order or the Local Rules. ECF No. 27. However, when this August 2025 filing is viewed in conjunction with plaintiff's subsequently filed motion to compel, it appears that plaintiff was also attempting to obtain the court's assistance with his arguably diligent efforts to obtain substantive responses to his discovery requests from defendant. For example, plaintiff requests "the involvement of the court in preparation for propounding efforts, due to defiance of due process by [defendant stalling summary judgment]." Id. at 1. It appears that there may be good cause to consider the motion despite its facial untimeliness.

The court is unable to assess the status and merits of plaintiff's motion to compel without a copy of the interrogatories propounded by plaintiff to defendant during discovery, along with defendant's objections and responses. Although Fed. R. Civ. P. 37 imposes the burden of furnishing this information on plaintiff as the moving party, in light of plaintiff's pro se status, the court finds the interest of judicial economy best served by defendant supplementing her

---

[1] Although plaintiff references an "Exhibit A" in his motion to compel (ECF No. 28 at 2) as well as in his opposition to defendant's pending motion for summary judgment (ECF No. 32 at 2), no such exhibit was attached to either filing reflecting the relevant discovery exchanged between the parties.

2

opposition brief (ECF No. 29) with a copy of the discovery at issue.

Accordingly, defendant is ORDERED to supplement her opposition brief (ECF No. 29) by no later than Friday, March 27, 2026, with a copy of the discovery exchanged between the parties relevant to plaintiff's pending motion to compel.  The court will consider the substance of plaintiff's motion to compel (ECF No. 28) and determine whether it is appropriate to reopen discovery in this case once this information has been provided.

DATED: March 19, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3