UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST EVANS,<br><br>             Plaintiff,<br><br>      v.<br><br>CONNIE EISEN,<br><br>             Defendant. | No.  2:22-cv-0778 AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. ECF No. 1.  Plaintiff has filed a motion to compel the sole remaining defendant in this action, Medical Assistant Connie Eisen, to respond to certain interrogatories propounded during discovery.  ECF No. 28.  Both parties have consented to proceed before the undersigned for all further proceedings in this action pursuant to 28 U.S.C. § 636(c)(1).  ECF No. 25.  As discussed below, plaintiff's motion to compel (ECF No. 28) is GRANTED IN PART.

### I.      Relevant Background

Plaintiff filed his civil rights complaint on May 9, 2022, alleging that medical care he received from defendant during his incarceration at the Sierra Conservation Center caused permanent damage to his eardrum and resulting hearing loss.  ECF No. 1.  Specifically, plaintiff alleges that defendant acted with deliberate indifference to his medical needs in May 2020 when she forcefully inserted a capped syringe into his left ear, perforating his eardrum.  Id. at 7.  After

1

rupturing his eardrum with the syringe, defendant ignored plaintiff's complaints of severe pain and continued performing a lavage procedure by "for[cing] a full 60 cc of water in his ear." Id. at 7. Plaintiff alleges that defendant was unqualified to perform the procedure because she was only a medical assistant, and that she told plaintiff it was her first time performing a lavage. Id. at 7-8.

In January 2025, plaintiff voluntarily dismissed several other defendants named in his complaint and elected to proceed solely against defendant Eisen. ECF No. 13. Defendant filed an answer on March 24, 2025 (ECF No. 21), and the court issued the discovery and scheduling order. ECF No. 22. The discovery and scheduling order, in pertinent part, states:

> 5. If disputes arise about the parties' obligations to respond to requests for discovery, the parties shall comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 134, 135, 130, 131, 110, 142, and 230(l) of the Local Rules of Practice for the United States District Court, Eastern District of California; unless otherwise ordered, Local Rule 251 shall not apply. Although attempts to resolve disputes without court intervention are encouraged, the parties are excused from Federal Rule of Civil Procedure 37(a)(1)'s requirement that they confer or attempt to confer prior to bringing a discovery motion. Filing of a discovery motion that does not comply with all applicable rules may result in imposition of sanctions, including but not limited to denial of the motion.

> 6. The parties may conduct discovery until **July 25, 2025**. Any motions necessary to compel discovery shall be filed by **July 25, 2025**. All requests for discovery pursuant to Federal Rules of Civil Procedure 31 (deposition by written question), 33 (interrogatories), 34 (production of documents), or 36 (admissions) shall be served no later than May 26, 2025.

ECF No. 22 at 5-6.

Plaintiff filed the instant motion to compel on September 29, 2025, two months after the July 25, 2025 deadline for such motions. ECF No. 28. Defendant filed a brief in opposition to the motion to compel (ECF No. 29), as well as a motion for summary judgment seeking dismissal of plaintiff's complaint, both in October 2025. ECF No. 30. Plaintiff filed a timely opposition to the motion for summary judgment (ECF No. 32), and defendant filed a reply (ECF No. 33). Thus, plaintiff's motion to compel, as well as defendant's motion for summary judgment, are both ripe for review.

By order dated March 20, 2026, the court directed defendant to file a copy of the

2

interrogatories at issue on plaintiff's motion to compel, along with defendant's responses. ECF No. 34. Defendant complied with this order on March 26, 2026. ECF No. 35.

## II.   Plaintiff's Motion to Compel and Defendant's Opposition

In his motion to compel dated September 24, 2025, plaintiff contends that he timely propounded interrogatories to defendant before the discovery deadline. ECF No. 28 at 1. Plaintiff contends that in response, defendant objected to Interrogatories Nos. 1, 2, 3, 4, 10, 11, 16 and 25 based on "vagueness" and/or "ambiguity." Id. at 2. Plaintiff argues that the basis of defendant's "vagueness" objections was not explained with adequate specificity to allow him to provide any clarification. Id. at 2-3. As a result, plaintiff moves the court for an order overruling defendant's objections and directing her to provide substantive responses. Id. at 4.

Defendant opposes plaintiff's motion on procedural grounds. First, defendant argues the motion was improper because it was filed over two months after the deadline set forth in the court's scheduling order. ECF No. 29 at 1-2. Second, defendant points out that the motion did not conform to Fed. R. Civ. P. 37 by including the specific discovery requests at issue along with defendant's responses. Id. at 2-3. Defendant did not address the merits of plaintiff's arguments regarding the validity of her objections either in her opposition brief (ECF No. 29) or in her March 26, 2026 supplemental filing (ECF No. 34).

As discussed in the court's March 20, 2026 order, plaintiff's motion to compel is indeed untimely, as it was filed two months after the July 25, 2025 discovery deadline. ECF No. 22 at 5-6. However, on August 11, 2025, plaintiff filed a document which, when viewed in conjunction with plaintiff's subsequently filed motion to compel, appears to have sought the court's assistance with plaintiff's arguably diligent efforts to obtain substantive responses to his discovery requests from defendant. ECF No. 26 at 1-2. Because the court finds good cause to consider plaintiff's motion to compel despite its facial untimeliness, the court will consider the merits of the motion.

Similarly, although plaintiff did not include a final version of the interrogatories he propounded to defendant, or defendant's responses thereto, as an attachment to his motion to compel as required by Fed. R. Civ. P. 37, plaintiff appears to have tried to do so. He references an "Exhibit A" containing this information in his motion to compel (ECF No. 28 at 2) as well as

3

his subsequently filed opposition to the motion for summary judgment. ECF No. 32 at 2. Thus, the court is not persuaded that the procedural defects raised in defendant's opposition brief (ECF No. 29) are sufficient grounds to deny plaintiff's motion. The court will therefore consider the merits of plaintiff's arguments.

### III.     Analysis

#### A.  Legal Standard for Discovery

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Under Federal Rule of Civil Procedure 37, a motion to compel may be made if "a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). The party seeking to compel discovery has the burden of showing that the discovery sought is relevant or that its denial will cause substantial prejudice. Aros v. Fansler, 548 F. App'x 500, 501 (9th Cir. 2013) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)). The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

4

B.  Interrogatories

Plaintiff argued that defendant objected to his Interrogatories Nos. 1, 2, 3, 4, 10, 11, 16 and 25 based on "vagueness" and/or "ambiguity" and asks the court to direct plaintiff to provide substantive responses.  ECF No. 28 at 2-4.  Because each of the interrogatories propounded to defendant included a few subparts (ECF No. 35 at 5-6), defendant construed each subpart as a separate interrogatory and responded only to the first 25 of them (ECF No. 35 at 9-17).  Plaintiff did not object to this practice, and plaintiff's motion to compel also adopted the numbering used in defendant's responses.

Having reviewed plaintiff's interrogatories and defendant's responses, the court finds that some supplemental responses are required as outlined below.

1.    Interrogatory Nos. 1 and 2

Plaintiff's first interrogatory asked defendant to describe the "proper procedure" for a lavage, the procedure that defendant performed on plaintiff in May 2020 that he alleges caused his injury.  ECF No. 35 at 9.  In his second interrogatory, plaintiff asked defendant to "Explain the step by step procedure, detailing the reason for each step of the Lavage procedure."  Id. at 10.

Defendant did not provide responses but objected that both interrogatories sought "information that is not relevant to the claims or defenses in this case" and that the term "proper procedure" in Interrogatory No. 1 is vague, ambiguous, and overbroad.  Id. at 9-10.  Defendant did not explain what aspect of Interrogatory No. 2 was "vague, ambiguous, and overbroad."  Id. at 10.

Defendant's failure to provide any substantive response to these interrogatories is deficient.  First, as plaintiff's sole claim is an allegation of deliberate indifference to his medical needs based on plaintiff's performance of a lavage procedure – resulting in alleged damage to his eardrum – the information sought by these interrogatories is directly relevant.  While the phrases "proper procedure" and "step by step procedure" may indeed be somewhat open to interpretation, considering the leeway granted to pro se litigants, the court finds that plaintiff has sufficiently articulated his questions to warrant substantive responses.

Defendant shall provide supplemental responses to Interrogatory Nos. 1 and 2 that

describes her understanding of the appropriate steps involved in performing a lavage procedure in a patient's ear consistent with her medical training, as well as the purpose of each step of the procedure. Alternatively, plaintiff may choose to provide a responsive document that adequately describes best practices and the steps involved in the performing a lavage procedure in a patient's ear.

### 2. Interrogatory No. 3

Plaintiff's third interrogatory asks defendant to "Describe the safety measures surrounding the procedures." ECF No. 35 at 10. Defendant declined to respond and objected that the interrogatory seeks information that is not relevant to the claims and defenses and the terms "safety measures" and "procedures" are vague and ambiguous. Id.

For the reasons discussed above with respect to the first two interrogatories, the court finds that defendant's relevance objection is not well founded. Furthermore, the court is confident that defendant can respond to this interrogatory by utilizing the colloquial meaning of the term "safety measures." Defendant should interpret "procedures" as a reference to a lavage procedure being performed in the ear of a patient complaining of ear pain and hearing loss.

Defendant shall provide a supplemental response to Interrogatory No. 3 or otherwise provide a responsive document that describes safety measures, if any, utilized during the procedure to prevent damage to a patient's eardrum.

### 3. Interrogatory Nos. 4, 5, and 6

Interrogatory No. 4 asks defendant to "Describe the qualifications of the individuals who are legally allowed to perform a Lavage." ECF No. 35 at 10. Defendant declined to respond and objected that the interrogatory seeks information that is not relevant to the claims and defenses and the phrases "qualifications" and "legally allowed" are vague and ambiguous.

Similarly, Interrogatory No. 5 asked whether defendant was "legally allowed to perform a lavage," and Interrogatory No. 6 asked "what qualifies YOU to perform a lavage." Id. Defendant objected based on relevance, vagueness, and ambiguity, but did also respond to Interrogatory No. 6 as follows, "Defendant has received training as a Certified Medical Assistant." Id. at 11.

The court finds that defendant's relevance objections are not well founded, as the required

level of training and experience to perform a lavage in a patient's ear is indeed relevant to the claims and defenses in this case. Although the court understands defendant's concern that the phrasing of plaintiff's requests is overbroad, defendant will be required to provide supplemental responses to these requests, as narrowed by the court. Specifically, defendant should provide a supplemental response to Interrogatory No. 4 that describes the required level of education, training, and/or experience required by the California Department of Corrections and Rehabilitation (CDCR) for medical personnel to perform a lavage procedure on a patient's ear, including whether certified medical assistants like defendant routinely perform this procedure. In response to Interrogatory Nos. 5 and 6, defendant shall further describe the nature of her education, training, and experience that qualified her to perform a lavage procedure on a patient's ear under CDCR's policies, including when and where she received such training.

4.     Interrogatory Nos. 10 and 11

Interrogatory No. 10 asks defendant to "Describe your confidants [sic] in your ability to perform a lavage again." ECF No. 35 at 10. Interrogatory No. 11 asks defendant to "State any recommendations from your supervising trust that gives you just reason to continue performing a lavage." Id.

Defendant declined to respond to both interrogatories based on relevance, as well as the fact that the terms "confidants," "recommendations," "supervising trust" are vague and ambiguous. Id. Defendant further objects that Interrogatory No. 11 is "unintelligible as phrased." Id.

The court considers defendant's objections regarding these interrogatories to be well founded. Defendant's level of confidence in her ability to perform a lavage procedure in 2026 is not relevant to the medical treatment she provided plaintiff in 2020. Likewise, the meaning the "supervising trust" is unclear. However, defendant shall supplement the response to Interrogatory No. 11 by explaining what, if any, constructive criticism she received from her supervisors relating to her performance of the lavage procedure on plaintiff in 2020, or any guidance she may have received at CDCR regarding how to perform the procedure on a patient's ear.

5.    Interrogatory Nos. 16 and 25

Interrogatory No. 16 asks defendant to "Describe your understanding of Deliberate Indifference." ECF No. 35 at 13.  Defendant objected based on relevance, and because the term "deliberate indifference" is vague and ambiguous.  Id.  Similarly, Interrogatory No. 25 asks defendant how she agrees to the court's jurisdiction after submitting a counter claim denouncing the court's jurisdiction.  Id. at 17.

Defendant's objections as to relevance, vagueness and ambiguity are sustained.  More significantly, the court finds that Interrogatory No. 16 asks defendant to define a legal term of art. A purely legal question is outside the scope of Rule 26(b), and therefore no supplemental response is required.  Similarly, Interrogatory No. 25 seeks a legal conclusion or potentially information protected by the attorney-client privilege or work product doctrine.  Accordingly, no supplemental responses are required.

6.    Interrogatory Nos. 8, 20, 21, and 22

Although not specifically raised in plaintiff's motion to compel, the court notes that defendant responded to each of these interrogatories by stating that "discovery is ongoing" and "If Defendant locates or recalls responsive information, she will supplement this response." ECF No. 35 at 11, 14-16.  Defendant is directed to supplement these responses with any additional information obtained through a diligent search and investigation.

## IV.    Conclusion

Accordingly, IT IS HEREBY ORDERED that discovery is re-opened for the limited purpose of defendant providing supplemental responses to the interrogatories discussed in this order as follows:

1. Plaintiff's motion to compel further responses from defendant (ECF No. 28) is GRANTED in part and DENIED in part as follows:

    a. GRANTED to the extent that defendant must provide supplemental responses to Interrogatory Nos. 1-6, and 11 as set forth above, and Interrogatory Nos. 8, 20, 22, and 22, if appropriate;

    b. DENIED as to all other discovery requests;

8

2. Supplemental responses shall be provided within thirty days of the service of this order;

3. Within forty-five days of the service of this order, plaintiff may file any necessary motion for sanctions if defendants fail to comply with this order;

4. Within forty-five days of the service of this order, plaintiff shall advise the court if he wishes to amend his brief (ECF No. 32) opposing defendant's motion for summary judgment, or requires additional time to prepare a dispositive motion based on information received for the first time in defendant's supplemental responses.

DATED: April 2, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9