UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST EVANS,

       Plaintiff,

      v.

CONNIE EISEN,

       Defendant.

No.  2:22-cv-0778 AC P

ORDER

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. ECF No. 1.  Both parties have consented to proceed before the undersigned for all further proceedings in this action pursuant to 28 U.S.C. § 636(c)(1).  ECF No. 25.  Plaintiff has filed a "Request for Writ of Mandamus" based on defendant Medical Assistant Connie Eisen's alleged failure to fully comply with the court's prior discovery orders.  ECF No. 37.

District courts have "original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  However, mandamus is an extraordinary remedy.  Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994).  It is "available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available."  Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997).  Where these requirements are not met, the

1

district court lacks mandamus jurisdiction.  Stang v. Internal Revenue Serv., 788 F.2d 564 (9th Cir. 1986).  The court finds that plaintiff's instant motion, which relates to conduct by state employees and not federal employees, is more appropriately construed as a motion for sanctions.

On April 3, 2026, the court granted plaintiff's September 29, 2025 motion to compel in part and ordered defendant to provide supplemental responses to Interrogatory Nos. 1-6 and 11, as well as Interrogatory Nos. 8 and 20-22, if appropriate.  ECF No. 36 at 8.  These supplemental responses were due within thirty days, and plaintiff was directed to file any motions for sanctions or advise the court if he requires additional time to prepare a dispositive motion or amend his opposition brief to defendant's pending motion for summary judgment within forty-five days.  Id. at 9.

In the instant motion for sanctions, plaintiff contends that defendant "failed to fully see to their due diligence in following the court's order by only offering the court a part of Plaintiff's discovery exchange."  ECF No. 37 at 2.  Although plaintiff's motion is not entirely clear, it appears that plaintiff contends that defendant failed to fully appraise the court of defendant's objections and responses provided in response to plaintiff's discovery requests.  Id.  Plaintiff asks the court to award him statutory damages, provide "aid to Plaintiff on the guidance for requesting summary judgment," and "place sanctions on any further interference from the Defendant in their attempt to delay proceedings."  Id.

Defendant is directed to file a substantive response to plaintiff's motion for sanctions (ECF No. 37) and include as an exhibit a copy of the supplemental discovery exchanged between the parties pursuant to the court's April 3, 2026 discovery order by no later than **Wednesday, June 10, 2026**.

DATED: May 26, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2